# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

MARCUS H. MULLENNEAUX, as RECEIVER, ETC., OF HENRY S. TERWILLIGER, RESPONDENT, v. HENRY S. TERWILLIGER AND OTHERS, APPELLANTS.

*Appeal from a judgment setting aside a conveyance as fraudulent as against creditors— the judgment will not be reversed because the justice made no distinct finding of fact that it was made with intent to defraud.*

APPEAL from a judgment of this court, entered in the office of the clerk of Ulster county on August 13, 1887, upon a trial at the Ulster Circuit before the court without a jury, setting aside certain conveyances, as fraudulent as to the creditors of the defendant Terwilliger.

The court at General Term said: "This is an action to set aside conveyances as fraudulent as against creditors. The learned justice before whom the cause was tried found, as a matter of fact, among other things, that the conveyances were without consideration, and as a matter of law that they were fraudulent. He made no distinct finding of fact that they were made with intent to defraud. The defendants, therefore, insist that the decision is contrary to the statute. (2 R. S., 137, § 4.) That position presents the question whether there is error for which the judgment should be reversed, in case the findings of fact omit to state some fact which is necessary to support the conclusions of law. We think not. (*McKeon v. See*, 4 Robt., 449; *Rider v. Powell*, 28 N. Y., 317; *Gardiner v. Schwab*, 110 id., 650.) If the defendant had claimed that there was no evidence tending to show fraud, except want of consideration, they might have asked for a finding to that effect. They did not. Or they might have asked the court to find affirmatively that there was no actual fraud. The learned justice has found that these

conveyances were made with intent to defraud creditors. But he has called this a conclusion of law. If no case had been made and an appeal had been taken simply on the judgment-roll, we could not have reversed the judgment on account of an omission to state a finding of fraud as fact.

" Assuming, for the sake of the argument, that fraud, in fact, was conclusively proved, we ought not to reverse the judgment, because the learned justice did not state such finding as a matter of fact, in this decision, but yet rendered the proper judgment. Unless, therefore, on the whole case, we could say that there was not sufficient proof of actual fraud, we ought to affirm."

*M. H. Hirschberg,* for the appellants.

*Gideon Hill,* for the respondent.

Opinion by LEARNED, P. J.; LANDON and INGALLS, JJ., concurred.

Judgment affirmed, with costs.